IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE D. HARBERT,<br>ANNE KRAJEWSKI-HARBERT,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT PRIEBE, MARK RUPPENTHAL,<br>ED ZELTZER, TOWN OF MORAGA,<br><br>    Defendants.<br>_____/ | No. C 06-01145 WHA<br><br>**ORDER GRANTING<br>PLAINTIFFS' MOTION FOR<br>LEAVE TO FILE FIRST<br>AMENDED COMPLAINT** |

### INTRODUCTION

In this civil-rights action, plaintiffs Lee Harbert and Anne Krajewski-Harbert move for leave to file an amended complaint so as to add an additional state tort cause of action and clarify some of their existing claims. Plaintiffs have shown good cause and should be given leave to amend their complaint. Accordingly, plaintiffs' motion is **GRANTED.**

### STATEMENT

Plaintiffs are husband and wife who are residents of Moraga, California. Defendants Robert Priebe and Ed Zeltzer are detectives in the Moraga Police Department. Defendant Mark Ruppenthal is the chief of police of this department. Plaintiffs brought suit against defendant officers and the town of Moraga, challenging the conduct of the officers involved in the investigation of a hit-and-run automobile incident in which Lee Harbert is a suspect (Compl. ¶¶ 13–14).

On January 22, 2005, defendants Priebe and Zeltzer met with Krajewski-Harbert, the wife, as part of their investigation of the hit-and-run incident. Plaintiffs claim that defendants improperly informed her that a woman had been with her husband in the car at the time of the accident, performing oral sex on plaintiff's husband (Compl. ¶¶ 74–77).

On January 27, 2005, defendant Robert Priebe and other unknown officers executed a search warrant on the Harberts' previous residence located in Oakland. During the search, the police seized, removed, and kept in their possession items of plaintiffs' personal property, many of which plaintiffs allege were unrelated items with no evidentiary value and were wrongfully and unreasonably seized. Following plaintiffs' submission of a notice of claim, defendants returned Harbert's Jaguar and personal computer. Harbart, however, lost possession over these two items from January 2005 to approximately July 2005 (Compl. ¶¶ 31–35). Plaintiffs did not receive the rest of the items seized from their home, despite their attempts to have these items returned to them.

From January 27, 2005, to dates thereafter, plaintiffs allege that police officials transmitted confidential facts about plaintiffs' DUI histories in addition to other confidential information to news agencies. These agencies then published this private information to the general public in a series of news articles and television news items from the period of January 2005 to February 2005 (Compl. ¶¶ 49–50). In addition, plaintiffs claim that defendants Priebe, Zeltzer, and Ruppenthal provided the hit-and-run victim's family with plaintiffs' private and confidential financial information, including auto information and banking information (Compl. ¶ 51).

Plaintiffs filed this action on February 16, 2006, alleging violations of their federal constitutional rights under 42 U.S.C. 1983. Plaintiffs also asserted the state claims of inverse condemnation, conversion and trespass, intentional and negligent infliction of emotional distress and negligence and/or loss of consortium. A case management scheduling order issued on June 1, 2006. The order set the deadline for seeking leave to add new parties or to amend the complaint for June 23, 2006.

2

1   On August 8, 2006, Krajewski-Harbert sent to the town a notice of claim, alleging police
2   official invasion of privacy under state law. The claim related back to December 2005, when
3   defendants allegedly divulged and disseminated private facts about Krajewski-Harbert, which
4   culminated in a news article dated February 11, 2006 (Franck Decl. Exh. D). This claim is
5   parallel to plaintiffs' extant claim herein under federal law.

6   Plaintiffs filed the instant motion for leave to file an amended complaint on
7   November 17, 2006. The deadline for seeking leave to file an amended complaint had passed as
8   of June 23, 2006. Based on the discovery of new facts and a denial by the town of plaintiffs'
9   state tort claim, plaintiffs request leave to include their state claim for invasion of privacy and
10  make other substantive changes to their claims to conform to proof.

## ANALYSIS

### 1.  LEGAL STANDARD.

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is a liberal one. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Rule 15(a) does not apply, however, when a district court has established such a deadline for amended, pursuant to Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Once the Court has entered a scheduling order, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. *Id.* at 608-09. At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### 2.  GOOD CAUSE FOR FILING AMENDED COMPLAINT.

The inquiry under Rule 16(b)'s good-cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot

3

reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FRCP 15 advisory committee notes). If the party seeking modification was not diligent, then the inquiry should end.

Plaintiffs seek to include a claim against defendants for invasion of privacy under state law. The California Tort Claims Act governs tort claims against public entities and their officials. *See* Cal. Gov. Code 810, et seq. The Act's requirements thus apply to plaintiffs' claim.

The Act requires plaintiffs to present a written claim to the public entity allegedly responsibly for their injuries before initiating suit on the cause of action. Cal. Gov. Code 945.6. Under the Act, no suit for money or damages may be brought against a public entity until a written claim has been presented to the public entity and the claim either has been acted upon or is deemed to have been rejected. Cal. Gov. Code 811.2.

Plaintiffs initially noticed a claim for defendants' alleged invasion of privacy with the town, pursuant to the Act. Plaintiffs, however, were denied relief. On August, 25, 2006, the town responded to Krajewski's notice, stating that no action was being taken on her claim because it was not presented within six months after the event or occurrence as is required by Sections 901 and 911.2 (Franck Decl. Exh. D). Plaintiffs now seek to add this claim to their complaint in the pending action.

Plaintiffs argue that they should be allowed to amend their complaint to incorporate their state claim for invasion of privacy. Plaintiffs contend that they provided the town with timely notice within six months of their alleged accrual of a cause of action, pursuant to California Government Code Section 911.4, but were denied relief because of newly adopted California state tort procedures. Defendants respond arguing only that Rule 16 bars any subsequent amendment of pleadings after a scheduling order is made unless good cause is shown (Reply Br. 2).

Under California Government Code Section 945, plaintiffs had six months after the date they noticed their claim to file an action. *See also Okoro v. City of Oakland*, 142 Cal. App. 4th 306, 311 (Cal. Ct. App. 2006). Plaintiffs provided notice of their state tort claim on or about

August 1, 2006, which was denied on August 25, 2006.  Plaintiffs subsequently moved to amend their complaint to add this claim on November 7, 2006, a little over two months after receiving notice of the town's denial of their claim.

Plaintiffs also seek to amend their complaint to clarify issues and make other substantive changes to "conform to proof" based on supplemental events they allege have occurred since the filing of their original complaint (Br. 3–7).  The substantive changes plaintiffs propose include:  (i) new allegations regarding their intentional and negligent infliction of emotional distress claims, (ii) clarifications of their already alleged privacy claims under federal law, and (iii) new allegations regarding defendants' dissemination of plaintiffs' tax information (Br. 4–7).  Plaintiffs allege that the events that serve as the basis for these new allegations were discovered as late as September 2006 (Br. 6).

Plaintiffs showed some diligence by seeking leave to amend their complaint after complying with the requirements of the Act.  Furthermore, plaintiffs acted with plausible diligence in seeking to amend their existing claims upon learning of new facts supporting their allegations.  Defendants have also not alleged that plaintiffs are acting out of bad faith or with dilatory motives, thus plaintiffs have shown good cause to amend their complaint.

### 3. RISK OF UNDUE PREJUDICE TO DEFENDANTS.

Prejudice to the non-moving party, though not required under Rule 16(b), can supply additional reasons to deny a motion.  *Coleman*, 232 F.3d at 1295.  Delay alone is generally not sufficient to justify the denial of a motion requesting leave to amend.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  A district court, however, may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party.  *Zivkovic v. S. Cal, Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002).

Defendants do not argue that allowing for plaintiffs' proposed amendments would result in prejudice.  Given that this discovery cut-off is several months away, and given that both sides have engaged only in minimal discovery efforts, there is no evidence that defendants would be unfairly prejudiced if plaintiffs were allowed to amend their claims.  Plaintiffs have already

1  pleaded a federal cause of action for invasion of privacy, alleging the same set of facts that also
2  underlie their state cause of action. The record thus indicates that defendants will not have any
3  additional burden or increased costs in their discovery efforts. Because defendants have not
4  shown that they will suffer undue prejudice if plaintiffs are allowed to amend their complaint,
5  plaintiffs' motion for leave to amend is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend their complaint is **GRANTED**. The first amended complaint must be filed by **DECEMBER 21, 2006**.

**IT IS SO ORDERED.**

Dated: December 14, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6