IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE D HARBERT, ANNE KRAJEWSKI-HARBERT<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PRIEBE, et al.<br><br>Defendant. | No. C-06-01145 WHA (EDL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE ANSWERS AND FOR PROTECTIVE ORDER STAYING DISCOVERY** |

Before the Court is Plaintiffs' Motion requesting an order (1) striking deposition testimony in order to substitute an assertion of the Fifth Amendment privilege against self-incrimination; and (2) staying discovery pending the outcome of a motion to stay proceedings. After full consideration of the parties' submissions, and finding the matter appropriate for a decision without a hearing, the Court hereby DENIES Plaintiffs' Motion.

The privilege against self-incrimination "is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion." Maness v. Meyers, 419 U.S. 449, 466 (1975). If the privilege is not invoked at the time the question is asked, it is lost by waiver. Minnesota v. Murphy, 465 U.S. 420, 427 (1983); see also United States v. Unruh, 855 F.2d 1363, 1374 (9th Cir. 1987) (A failure to invoke the privilege waives a later claim of privilege). Silence constitutes a waiver of the privilege which "could not be undone after the fact." Cloyd v. Kramer, 1999 U.S. Dist. LEXIS 17362 (N.D. Cal. 1999). Here, Plaintiff Harbert failed to assert the privilege at the time the questions were asked in deposition. Accordingly, Plaintiffs' request to strike Plaintiff Harbert's testimony to allow substitution of the assertion of privilege is DENIED.

Plaintiffs have not demonstrated good cause for the Court to issue a protective order. Plaintiffs' pending Motion to Stay the Action would also stay discovery, if granted. Plaintiffs' separate Motion for a Protective Order, which seeks to stay discovery before resolution of the Motion to Stay, is premature and possibly superfluous. Therefore, the Court DENIES Plaintiffs' request for a Protective Order. While the Motion to Stay is pending, Plaintiffs may lessen the burden of discovery by withdrawing the deposition notices Plaintiffs served on others, but must appear at deposition if noticed by Defendants. Plaintiff Harbert's deposition has not been completed. If Defendants re-notice the remainder, Plaintiff Harbert may assert his Fifth Amendment privilege on a question-by-question basis if and as appropriate, to the extent it has not been waived.

Plaintiffs' Reply contains a new matter that is not properly the subject of this motion. The Court declines to take up the matter.

**IT IS SO ORDERED.**

Dated: March 9, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

2